Application for review of sentence imposed by the Superior Court, Judicial District of New Haven,
Docket Nos. CR6-333860 and CR8-86675.
 Thomas Wolff, Esq., Defense Counsel, for Petitioner Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION: The petitioner was convicted in Docket No. CR8-886675 of Larceny, First Degree, Conspiracy to Commit Larceny, First Degree and Forgery, Second Degree. A jury trial had commenced in this matter, but prior to its conclusion the petitioner changed his pleas in the foregoing counts from not guilty to guilty. On March 30, 1990 when the petitioner was scheduled to be sentenced in Docket No. CR8-86675, he also entered a plea of guilty in Docket No. CR6-333860, Tampering with a witness. This latest charge involved the petitioner arranging to have a witness perjure herself at the original trial. There was no plea agreement in either matter and the Court imposed the following sentences:
Docket No. CR8-86675:
 Larceny, First Degree 12 years Conspiracy to Commit Larceny, First Degree 12 years Forgery, Second Degree 3 years
These three sentences were concurrent with each other.
Docket No. CR8-86675:
 Tampering with a Witness — 5 years, consecutive to Docket No. CR8-86675.
The total effective sentence was 17 years.
Petitioner has submitted a memorandum in support of his application and asks the Division to consider the disparity between his sentence and that of the co-defendant, who pled guilty to the same three (3) charges as the petitioner did in Docket No. 8-86675, but who was sentenced months later than the petitioner by a different court to an effective sentence of nine (9) years suspended after five and one-half (5 1/2) years with Probation for three (3) years. He claims that CT Page 5087 the co-accused had promised to cooperate in the prosecution of the petitioner, but his statement was so lacking in credibility that the State did not use him as a witness and yet he still received a substantially lesser sentence. (The co-defendant was not charged with witness tampering). He also ask the Division to consider the petitioner's pre-sentence efforts at rehabilitating himself and suggests a sentence of seventeen (17) years, suspended after twelve (12) years, with probation, as appropriate in this case.
The petitioner, who although he was only twenty-six years old at the time of sentencing had quite arguably masterminded an elaborate scheme to steal expensive automobiles. In 1985 he was convicted of Larceny, First Degree and Larceny Second Degree. That involved the theft of an automobile by a scheme wherein he falsely reported the theft of a rental vehicle, but which he in fact sold to an unsuspecting buyer. He was given a five (5) year suspended sentence at that time, but was violated because of involvement with narcotics.
The present offense occurred in February 1988 when the petitioner answered an advertisement selling a 1987 Corvette, which he, through a scheme he had devised, stole, (although the co-defendant was the person who physically responded to the victim's ad.) The scheme involved the use of out-of-state registration plates, a forged bank check, and Connecticut dealers plates. He also had little, if any, compunction about suborning perjury which is additional evidence of his manipulative and criminal nature.
The State's Attorney pointed out that the co-defendant had only one prior which was a Breach of Peace. There is no comparison between this petitioner, who had a recent conviction for a similar crime and who exhibits such a clear disrespect for both the rights of others and the laws which govern behavior of a law abiding society.
The Division does not find the sentence imposed was excessive or unjustifiably disproportionate given the recidivistic nature of the offense, the petitioner's propensity for continuing anti-social behavior, the need to protect the public; and to deter both the petitioner and others.
It is affirmed.
PURTILL, KLACZAK and BARRY, J's, participated in this decision. CT Page 5088